UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED IN OPEN COURT
4-16-15
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES OF AMERICA

v.

ANDREW A. ROOKS

CASE NO. 3:15-cr-51-J-39MCR
Ct.1:       18 USC § 1349
Cts. 2 - 5: 18 U.S.C. §§ 1343 and 2
Ct. 6:      18 U.S.C. § 1349
Cts. 7-12:  18 U.S.C. § 1343 and 2
Forfeiture: 18 U.S.C. § 981(a)(1)(C) and
            28 U.S.C. § 2461(c)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

A. **Introduction**

At times material to this Indictment:

1. ANDREW A. ROOKS, the defendant herein, was a resident of Duval County, Florida, in the Middle District of Florida. During the period of in or around November, 2001, through in or around July, 2011, ROOKS was employed by Sea Star Line, LLC. At the time of his termination from that company, his title was assistant vice president of operations. As part of his job responsibilities, ROOKS was authorized to make purchases on behalf of the company. From in or around July 2012 through in or around March 2014, ROOKS was employed by Trailer

Bridge, Inc. as the director of equipment control. As such, ROOKS was authorized to make purchases on behalf of the company.

2. Sea Star Line, LLC was a business that transported goods in interstate and foreign commerce by vessel and had offices in Jacksonville, Duval County, Florida. Sea Star maintained a business bank account at Bank of America, N.A.

3. Trailer Bridge, Inc. was a business that transported goods in interstate and foreign commerce by vessel and had offices in Jacksonville, Duval County, in the Middle District of Florida. Trailer Bridge maintained a business bank account at Wells Fargo Bank, N.A., formerly known as Wachovia Bank.

4. ROOKS maintained two accounts at Wells Fargo Bank. The last 4 digits of ROOKS' personal account were 1413. The last 4 digits of ROOKS' business account, maintained under the name of Angus Bulls, Inc., were 1885. ROOKS banked at a Wells Fargo branch in the Middle District of Florida.

5. Keith Beavers was a resident of St. Johns County, Florida, in the Middle District of Florida. Beavers is not charged in this Indictment. Beavers maintained an account at SunTrust Bank. The last 4 digits of the account were 8446. Beavers banked at a SunTrust Branch in the Middle District of Florida. At some point in the conspiracy, Beavers opened an account at Wells Fargo Bank, the account number ending in the numbers 9703.

### B. The Conspiracy with Beavers

Beginning on a date unknown, but no later than during November 2005, and continuing through in or around March 2014, in Duval County and St. Johns County, in the Middle District of Florida,

ANDREW A. ROOKS,

the defendant herein, did knowingly and willfully combine, conspire, confederate, and agree with Keith Beavers (who is not charged herein), and persons known and unknown to the grand jury, to knowingly and willfully devise and intend to devise a scheme and artifice to defraud Sea Star Line, LLC and Trailer Bridge, Inc., and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute such scheme and artifice to defraud:

a. to knowingly use and cause to be used the United States mail and private and commercial interstate carriers, in violation of Title 18, United States Code, Section 1341; and,

b. to knowingly transmit and caused to be transmitted by means of wire communication, in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

### C. Manner and Means of the Conspiracy and Scheme to Defraud

6. It was part of the conspiracy that ROOKS would create phony invoices to be submitted on behalf of Beavers to Sea Star Line, LLC.

7. It was further part of the conspiracy that ROOKS would and did email Beavers and attach copies of phony invoices that ROOKS submitted on behalf of Beavers, and advise Beavers when he should expect payment from Sea Star, on account of the phony invoices.

8. It was further part of the conspiracy that ROOKS caused payments in the form of checks to be mailed by Sea Star from its account at Bank of America, to Beavers, and eventually caused payments to be electronically deposited in interstate commerce from Bank of America, into Beavers' SunTrust bank account ending in 8446.

9. It was further part of the conspiracy that Beavers, upon receipt of the payment from a phony invoice to Sea Star, would and did make a kickback payment to ROOKS, in the approximate amount of 40% to 50% of the payment received by Beavers.

10. It was further part of the conspiracy that Beavers, in making kickback payments to ROOKS, would make checks out to ROOKS individually and falsely indicate the payments were for baseball cards or some other items.

11. It was further part of the conspiracy that ROOKS would and did deposit kickback payments from Beavers mostly into his personal bank account at Wells Fargo Bank, N.A., formerly known as Wachovia Bank, the account number ending in 1413.

12. It was further part of the conspiracy that ROOKS did cause approximately $1.29 million in payments to be made to Beavers on account of phony invoices submitted to Sea Star.

13. It was further part of the conspiracy that, when phony invoices were submitted by Beavers, or on Beavers' behalf, to Trailer Bridge, ROOKS caused the payments to be sent to Beavers by checks which were mailed to Beavers' residence in St. Johns County, Florida.

14. It was further part of the conspiracy that Beavers would deposit Trailer Bridge checks into either his account at SunTrust Bank ending in 8446, or his account at Wells Fargo ending in 9703.

15. It was further part of the conspiracy that ROOKS caused payments to be made from Trailer Bridge to Beavers, on account of phony invoices, which either ROOKS or Beavers created, totaling approximately $43,700.

16. It was further part of the conspiracy that Beavers, upon receipt of a payment from Trailer Bridge, would and did make a kickback payment to ROOKS in the approximate amount of 50% of the payment.

17. It was further part of the conspiracy that Beavers, in making kickback payments to ROOKS on account of Trailer Bridge invoices, would and did write out checks to ROOKs individually which Rooks would deposit into his accounts at Wells Fargo.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO THOUGH FIVE

### (Wire Fraud- With Beavers)

18. Paragraphs 1-17 are re-alleged and incorporated by reference herein.

### Acts in Execution of the Scheme to Defraud

On or about the dates set forth below, at Duval County and St. Johns County, in the Middle District of Florida, and elsewhere,

ANDREW A. ROOKS,

the defendant herein, for the purpose of executing the aforesaid scheme and artifice to defraud and for obtaining money by means of materially false and fraudulent pretenses, representations and promises, did knowingly transmit and caused to be transmitted by means of a wire communication in interstate commerce the following:

| Ct. | Date Deposited | Account From | Account Deposited To | Amount |
|---|---|---|---|---|
| 2 | 7/22/2010 | Sea Star ACH Payment | Beavers SunTrust Acct 8446 | $8,625 |
| 3 | 11/18/2010 | Sea Star ACH Payment | Beavers SunTrust Acct 8446 | $38,000 |
| 4 | 12/16/2010 | Sea Star ACH Payment | Beavers SunTrust Acct 8446 | $9,250 |
| 5 | 4/4/2011 | Sea Star ACH Payment | Beavers SunTrust Acct 8446 | $48,500 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT SIX

### A. Introduction

19. Counts 1-4 are re-alleged and incorporated by reference herein.

20. Russell Cody ("Cody") was a resident of St. Johns County, Florida, in the Middle District of Florida. Cody is not charged in this Indictment. Cody was the principal owner of Tiburon Transportation Services, Inc. ("Tiburon"), a Florida corporation.

21. Beginning in July 2007, Cody was also the principal owner of Lancer Logistics, Inc. ("Lancer"), a Florida corporation.

22. Beginning in October 2012, Cody became the principal owner of Amalgamated Transport Services Corp.

23. Cody maintained bank accounts for Tiburon at SunTrust Bank and First Citizens Bank, formerly known as IronStone Bank. The last four digits of the accounts were 0904 and 6054, respectively. Cody banked at SunTrust and First Citizens Bank branches in the Middle District of Florida.

24. Beginning in or around 2007, Cody maintained a bank account for Lancer at First Citizens Bank. Beginning in October 2012, Cody opened an account for Amalgamated Transport Services Corp. at First Citizens Bank. The last four digits of the accounts were 0558 and 3681, respectively. Cody banked at a First Citizens branch in the Middle District of Florida.

### B. The Conspiracy with Cody

Beginning on a date unknown, but no later than November 2005, and continuing through in or around March 2014, in Duval County and St. Johns County, in the Middle District of Florida,

ANDREW A. ROOKS,

the defendant herein, did knowingly and willfully combine, conspire, confederate, and agree with Russell Cody (who is not charged herein), and persons known and unknown, to knowingly and willfully devise and intend to devise a scheme and artifice to defraud Sea Star Line, LLC, and Trailer Bridge, Inc., and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice:

    a.    to knowingly use and cause to be used the United States mail and private and commercial interstate carriers, in violation of Title 18, United States Code, Section 1341; and,

    b.    to knowingly transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Sections 1343.

### C. Manner and Means of the Conspiracy and Scheme to Defraud

25. It was part of the conspiracy that in 2005 ROOKS would and did incorporate the business Angus Bulls, Inc. as a Florida corporation.

26. It was further part of the conspiracy that ROOKS would and did create phony invoices which he submitted on behalf of Tiburon to Sea Star.

27. It was further part of the conspiracy that ROOKS would and did email Cody and attach copies of phony invoices that ROOKS submitted on behalf of Tiburon, and advise Cody when he should expect payment from Sea Star on account of the phony invoices.

28. It was further part of the conspiracy that ROOKS caused payments in the form of checks to be mailed by Sea Star to Cody from its account at Bank of America, which were deposited by Cody, and, eventually, caused payments to be electronically deposited from Bank of America into Tiburon's SunTrust bank account ending in 0904 or Tiburon's First Citizens Bank account ending in 6054.

29. It was further part of the conspiracy that Cody would and did use the Tiburon account at SunTrust Bank and First Citizens Bank to make cash withdrawals and to pay personal expenses.

30. It was further part of the conspiracy that Cody, upon receipt of the payment from a phony invoice, would and did make a kickback payment to ROOKS, in the approximate amount of 45% to 70% of the payment received by Tiburon.

31. It was further part of the conspiracy that, beginning in approximately March, 2010, ROOKS would and did create and submit phony invoices on behalf of Lancer, and then email Cody attaching copies of the phony invoices, advising Cody when he could expect to receive payment from Sea Star on account of the invoices.

32. It was further part of the conspiracy that Cody would and did use the First Citizens Bank account for Lancer to make cash withdrawals and pay personal expenses.

33. It was further part of the conspiracy that Cody, in making kickback payments to ROOKS, would make checks out to Angus Bulls, Inc., using the Tiburon accounts at SunTrust Bank and First Citizens Bank, and, eventually, the Lancer account at First Citizens Bank.

34. It was further part of the conspiracy that ROOKS would and did deposit kickback payments from Cody mostly into his Angus Bulls Inc. bank account at Wells Fargo Bank, N.A., formerly known as Wachovia Bank, with account number ending in 1885.

35. It was further part of the conspiracy that ROOKS would and did make cash withdrawals from his Angus Bulls, Inc. account at Wells Fargo Bank ending in 1885 and pay personal expenses from that account.

36. It was further part of the conspiracy that ROOKS would did cause approximately $1.05 million in payments to be made to Cody, through the Tiburon and Lancer companies, on account of phony invoices submitted to Sea Star Line, LLC.

37. It was further part of the conspiracy that ROOKS would and did prepare and submit phony invoices on behalf of Amalgamated Transport Services Corp. to Trailer Bridge, Inc.

38. It was further part of the conspiracy that ROOKs would and did approve phony invoices from Amalgamated Transport Services Corp. for payment by Trailer Bridge, Inc.

39. It was further part of the conspiracy that, upon receipt of a payment from Trailer Bridge by Amalgamated Transport Services Corp., Cody would and did make a kickback payment to ROOKS of a percentage of the payment.

40. It was further part of the conspiracy that ROOKs would and did cause approximately $63,400 in payments to be made by Trailer Bridge, Inc. to Cody, through Amalgamated Transport Services Corp.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS SEVEN THROUGH TWELVE

### (Wire Fraud – With Cody)

41. Paragraphs 1-4 and 20-40 are re-alleged and incorporated by reference herein.

### A. Acts in Execution of the Scheme to Defraud

On or about the date set forth below, at Duval County and St. Johns County, Florida, in the Middle District of Florida, and elsewhere,

ANDREW A. ROOKS,

the defendant herein, for the purpose of executing the aforesaid scheme and artifice to defraud and for obtaining money by means of materially false and fraudulent pretenses, representations and promises, transmitted and caused to be

transmitted by means of a wire communication in interstate commerce the following:

| Ct. | Date Deposited | Account From | Account Deposited To | Amount |
|---|---|---|---|---|
| 7 | 04/29/2010 | Sea Star ACH Payment Tiburon | SunTrust Bank Acct. 0904 | $11,147.50 |
| 8 | 06/03/2010 | Sea Star ACH Payment Tiburon | SunTrust Bank Acct. 0904 | $9,775.50 |
| 9 | 02/03/2011 | Sea Star ACH Payment Tiburon | SunTrust Bank Acct. 0904 | $13,671.00 |
| 10 | 07/15/2011 | Sea Star ACH Payment Tiburon | First Citizens Bank Acct. 6054 | $16,856.00 |
| 11 | 08/11/2011 | Sea Star ACH Payment Tiburon | First Citizens Bank Acct. 6054 | $9,310.00 |
| 12 | 09/02/2010 | Sea Star ACH Payment Lancer Logistics | First Citizens Bank Acct. 0558 | $7,962.50 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## **FORFEITURE**

1.  The allegations contained in Counts One through Twelve of this Indictment are incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.  Upon conviction of a conspiracy to violate sections 1341 and/or 1343, in violation of Title 18, United States Code, Section 1349, the defendant, ANDREW A. ROOKS, shall forfeit to the United States of America, pursuant to

Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to said violation.

3. Upon conviction of a violation of Title 18, United States Code, Section 1343, the defendant, ANDREW A. ROOKS, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to said violation.

4. The property to be forfeited includes, but is not limited to, the following:

> A money judgment in the amount of $2,187,049.48, representing the amount of proceeds obtained as a result of the offenses charged in Counts One through Twelve.

5. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL,

_____
Foreperson

A. LEE BENTLEY, III
United States Attorney

By: _____
DALE R. CAMPION
Assistant United States Attorney

By: _____
Mac D. Heavener, III
Assistant United States Attorney
Deputy Chief, Jacksonville Division

FORM OBD-34
APR 1991

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

ANDREW A. ROOKS

## INDICTMENT

Violations:

| | |
|---|---|
| Ct.1: | 18 USC § 1349 |
| Cts. 2 - 5: | 18 U.S.C. § 1343 and 2 |
| Ct. 6 | 18 U.S.C. § 1349 |
| Cts. 7-12: | 18 U.S.C. § 1343 and 2 |

A true bill,

_____
Foreperson

Filed in open court this 16th day

of April, 2015.

_____
Clerk

Bail   $_____

GPO 863 525